DET120470

30

AO 241 (Rev. 09/17)

Case:1:19-cv-10469
Judge: Ludington, Thomas L.
MJ: Stafford, Elizabeth A.
Filed: 02-14-2019 At 03:30 PM
HC JENNINGS II V WINN (BH)

**PETITION UNDER 28 U.S.C. § 2254 FOR**
**HABEAS CORPUS BY A PERSON IN STATE**

| United States District Court | District: **Eastern District of Michigan** |
|---|---|

| Name (under which you were convicted) **Mark Colin Jennings II** | Docket or Case No.: **08-031116-FC;08-0311 17-FH;08-031118-FH** |
|---|---|

| Place of Confinement : **Saginaw Correctional Facility 9625 Pierce Rd. Freeland, MI 48623** | Prisoner No.: **711938** |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| **Mark Colin Jennings II** | v. **Warden O.T. Winn** |

The Attorney General of the State of: **Michigan**

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Saginaw County Circuit Court, 111 S. Michigan Ave., Saginaw, MI 48602
   10th Circuit of Michigan

   (b) Criminal docket or case number (if you know): **08-031116-FC; 08-031117-FH; 08-031118-FH**

2. (a) Date of the judgment of conviction (if you know): **APRIL 15, 2013**

   (b) Date of sentencing: **All Cases on April 15,2013 but case 08-031116-FC CT.1 and 5 was changed without me and counsel on 4-22-13 and on 05-21-13 with objection.**

3. Length of sentence: **08-031116-FC CT.1 and CT.5;08-031117-FH 6-30yrs;08-031118-FH 2-4yrs. etc.**

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: **Originally I was sentenced to: 08-031116-FC CT.5 For CSC2, MCL 750.520c involving Lacey Davis but when the Trial Court sentenced me it sentenced me for the wrong person (Katie Jennings) and it included Habitual Offender 3rd on all counts. The court sentenced me to CT.1 CSC1 in the same case Number to 6 years minimum to 30 years maximum. In both counts it did not include electronic monitoring, MCL 750.520n. In case 08-031117-FH the sentence was 6 years min. to 30 Max. for CSC3,MCL 750.520d;In case 08-031118-FH, CSC4, 2yrs to 4 yrs.**

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty   ☒ (3) Nolo contendere (no contest)

   ☐ (2) Guilty   ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? In case 08-031116-FC I plead no contest to csc2,Lacey Davis CT.5 no HOA 3rd, 3yrs min. to 6yrs max. dropping CT.2,3,4 csc1 involving Katie Jennings. In case 08-031117-FH I plead no contest to csc3, Kirsten Riselay, CT.1 no HOA 3rd, in exhange for dropping CT.2,3,4. In case 08-031118-FH I pled no contest to csc4 CT.1, no HOA 3rd,Stephanie Averille, in exchange for dropping CT.2. This is not what the court sentenced me to and I objected to it at sentencing.

(c) If you went to trial, what kind of trial did you have? (Check one)

     ☐ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ☒ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

     ☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Michigan Court of Appeals

(b) Docket or case number (if you know): 319530; 319531; 319532

(c) Result: DENIED LEAVE TO APPEAL DUE TO LACK OF MERIT IN ISSUE'S PRESENTEDF

(d) Date of result (if you know): January 23, 2014

(e) Citation to the case (if you know): UNKNOWN

(f) Grounds raised: ISSUE I: MR.JENNINGS IS ENTITLED TO PLEA WITHDRAWEL BECAUSE THE PROSECUTION MADE AN ILLEGAL PLEA OFFER OF A MAXIMUM SENTENCE BELOW THE STATUTORILY REQUIRED MAXIMUM TERM, THE TRIAL COURT DID NOT CORRECT THE ILLEGAL PLEA OFFER, AND THE TRIAL COURT LATER ADVISED HIM OF A ALTERNATE MAXIMUM SENTENCES DURING THE FINAL PLEA HEARING, THUS RENDERING THIS PLEA INVOLUNTARY IN VIOLATION OF THE STATE AND FEDERAL RIGHTS TO DUE PROCESS

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No NOT ON THIS ISSUE

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:   THE SAGINAW COUNTY CIRCUIT COURT

(2) Docket or case number (if you know):   08-031116-FC CT.1,5;08-031117-FH CT.1;08-031118-FH CT.1

(3) Date of filing (if you know):   October 14, 2013

(4) Nature of the proceeding:   MOTION TO PROCEED IN PRO PER

(5) Grounds raised:   The counsel appointed by the court, State Appelate Defenders
Office, refused to file a motion to withdraw the plea in the trial court because it
was not the plea I agreed to. I explained to the court the counsel told me she would
advocate that the court give me more time when she motioned to correct the sentence.
I told the court I did not agree to 08-031116-FC CT.5 CSC2 being Katie Jennings as the
victim. I did not agree to the scoring guidelines for Katie Jennings as the Victim.
I did not agree to the sentences to include habitual offender 3rd offense because it
is incorrect. I do not have 2 scorable prior convictions. The sentence offered was for
Lacey Davis as the victim. The sentence was supposed to be no more than 3yrs to 6yrs.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   The Trial Court denied my motion citing 1. I was represented
by S.A.D.O. and therefore could not act in pro per to file motions in the trial court.

AO 241 (Rev. 09/17)

(8) Date of result (if you know): NOVEMBER 08, 2013 see appendix of this page 5.1,5.2.

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: SAGINAW COUNTY CIRCUIT COURT

(2) Docket or case number (if you know): 08-031116-FC CT.1,5;08-031117-FH CT.1;08-031118-FH CT.1

(3) Date of filing (if you know): OCTOBER 14, 2013

(4) Nature of the proceeding: MOTION TO SUBSTITUTE APPELLATE AND TRIAL COUNSEL

(5) Grounds raised: THE MOTION REQUESTED THAT BOTH COUNSEL BE REPLACED OR TO ALLOW ME TO EITHER ACT IN PRO PER OR AS AND ASSISTANT TO EITHER COUNSEL BECAUSE THEY WERE PURPOSELY ACTING INEFFECTIVE BY NOT FILING A MOTION TO CORRECT THE SENTENCES. THE SNETENCE IN 08-031116-FC CT.1,5 ; 08-031117-FH CT.1; 08-031118-FH CT.1 ARE NOT SUBJECT TO BEING HABITUAL OFFENDER 3RD OFFENSE. 08-031116-FC CT.5 HAS KATIE JENNINGS AS THE VICTIM INSTEAD OF LACEY DAVIS WHICH MAKES THE OFFENSE VARIABLES INCORRECT AND INVALIDATES THE PLEA. THAT THE PLEA WAS ONLY CONDITIONED ON ME BEING SENTENCED TO 3YRS MIN. AND THE MAXIMUM WOULD NOT EXCEED 6YRS IN CASE 08-031116-FC CT.5;08-031117-FH CT.1

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: THE TRIAL COURT DENIED THIS MOTION

(8) Date of result (if you know): NOVEMBER 08, 2013 see appendix of this page 5.1,5.2.

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: SAGINAW COUNTY CIRCUIT COURT

(2) Docket or case number (if you know): 08-031116-FC CT.1,5;08-031117-FH CT.1;08-031118-FH CT.1

(3) Date of filing (if you know): OCTOBER 14, 2013

(4) Nature of the proceeding: MOTION TO CORRECT INVALID SENTENCE AND RESENTENCING :BRIEF IN SUPPORT

(5) Grounds raised: BOTH COUNSEL BREMMER,DUNN,AND SADO WERE PURPOSELY ACTING INEFFECTIVE. THAT THE SENTENCE IN 08-031116-FC CT.1 and 2 WERE NOT CORRECT BECAUSE NEITHER COUNTS WERE SUBJECT TO BEING HABITUAL OFFENDER 3RD, THAT CT.2 HAD THE WRONG VICTIM WHICH CAUSED THE PROBATION DEPARTMENT TO SCORE THE OFFENSE VARIABLES FOR KATIE JENNINGS TESTIMONY INSTEAD OF LACEY DAVIS TESTIMONY,THAT THE TRIAL COURT ACCEPTED THIS PLEA BASING IT'S DECISION BASED ON KATIE JENNINGS TESTIMONY INSTEAD OF LACEY DAVIS TESTIMONY. THAT THE SENTENCES IN 08-031116-FC CT.5 AND 08-031117-FH CT.1 WERE NOT TO EXCEED THE SENTENCE OF 3YRS MIN. TO 6YRS MAX. THAT NONE OF THE CASES ARE HABITUAL 3RD. OFFENSE AS IT WAS NOT PART OF THE AGREEMENT. THAT THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO CHANGE THESE SENTENCES SUA SPONTE ADDING THE AFOREMENTIONED AND THE LIFETIME ELECTRONIC MONITORING, TO 08-031116-FC CT.1 AND CT.5 ON MAY 21,2013 AND ME AND COUNSEL WERE NOT PERMITTED TO ATTEND TO CORRECT SENTENCES.SEE 5.1,5.2. Page 5 of 16



# Tenth Judicial Circuit of Michigan

Courthouse
111 S. Michigan Ave.
Saginaw, Michigan 48602
(517) 790-5478
Fax (517) 793-8180

ROBERT L. KACZMAREK
CIRCUIT JUDGE

November 8, 2013

State Appellate Defender Office
645 Griswold
Suite 3000 Penobscot Building
Detroit, MI 48226

Re: *People v. Mark Colin Jennings II*    Case Nos. 08-031116-FC; 08-03117-FH; & 08-03118-FH

To Whom It May Concern:

The Court is in possession of several motions filed in *pro per* by your client Mark C. Jennings II. Copies of the following motions are being sent for your review: (1) Defendant's Motion for Substitution of Counsel; (2) Defendant's Motion to Proceed in Pro Per Temporarily Until Counsel is Appointed; (3) Defendant's Motion Consenting to Use Video and Audio Proceedings; (4) Motion for Mental Competency Evaluation; (5) Motion to Vacate Conviction Due to Incompetency; (6) Defendant's Motion for Reissuance of Judgment; (7) Motion to Correct Invalid Sentence and Resentencing; and (8) Defendant's Motion for Production of All Documents for Post-Conviction Proceedings by an Indigent Defendant. You will also receive copies of the Court's written opinion and orders addressing the last three of those motions. Also enclosed is a copy of the Court's letter to Mr. Jennings

The Court is further in possession of a letter to the Clerk, received October 29, 2013, concerning the Motion to Withdraw Plea filed by SADO which is presently noticed for hearing on November 18, 2013. A copy of is enclosed for your review. Please contact you client as to his concerns.

The Court will be utilizing more than one envelope to mail all the materials identified above.

Thank you,

Adam J. Eickholt
Law Clerk
10th Judicial Circuit

cc. file; Prosecutor's Office



# Tenth Judicial Circuit of Michigan

Courthouse
111 S. Michigan Ave.
Saginaw, Michigan 48602
(517) 790-5478
Fax (517) 793-8180

ROBERT L. KACZMAREK
CIRCUIT JUDGE

November 8, 2013

Mark C. Jennings II, #711938
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811

Re: *People v. Mark Colin Jennings II*     Case Nos. 08-031116-FC; 08-031117-FH;
                                            & 08-03118-FH

Dear Mr. Jennings:

The Court is in possession of several documents, styled as motions, which you have filed in *pro per*.  Review of these matters indicates that you have requested, and the Court has appointed, appellate counsel to represent you in the above captioned files with respect to those convictions resulting from your February 19, 2013 no-contest plea.

Insofar as your filings may pertain to your plea convictions in which you are currently represented by appellate counsel, the Court will forward copies to your appellate attorney:

State Appellate Defender Office
645 Griswold
Suite 3300 Penobscot Building
Detroit, MI 48226
(313) 256-9833

You may contact the State Appellate Defender Office to discuss any motions which you would like filed on your behalf in those matters in which you are represented.

ROBERT L. KACZMAREK
Circuit Court Judge
10th Judicial Circuit

cc. file; SADO; Prosecutor

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result:   THE TRIAL COURT DENIED THE MOTION

(8) Date of result (if you know):   NOVEMBER 08, 2013 See Appendix pages 5.1, 5.2.

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      ☒ Yes      ☐ No

(2) Second petition:   ☒ Yes      ☐ No

(3) Third petition:     ☒ Yes      ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:   MY U.S.CONST. AM. VI,XIV; CONST.1963, ART.1,§20,§2 RIGHTS WERE DENIED BY TRIAL COUNSEL DUNN AND SADO APPELLATE COUNSEL ACTED INEFFECTIVELY AS

COUNSEL BY NOT FILING A MOTION IN TRIAL COURT TO CORRECT OR WITHDRAW THIS PLEA.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Trial Counsel Dunn failed to file a motion to correct the inaccurate sentence he objected to at sentencing. He failed to file a motion to withdraw the plea as inaccurate, unknowing and involuntary. This was deliberately done because he objected to me being convicted of the wrong victim in 08-031116-FC CT.1 and being sentenced as a 3rd habitual offender. He also did not object to the sentence of 6yrs min. to 30yrsmax. when the sentence was supposed to be 3yrs min. to no more than 6 yrs max. He also did not motion to correct or withdraw this plea as unknowing, inaccurate and involuntary. SADO counsel failed to file a motion to correct the sentence or to withdraw the plea as unknowing, involuntary and inaccurate or raise the ineffective assistance of counsel claim concerning Dunn. I filed a motion to act in pro per because these counsel refused to do it. The court denied my motion and sent the motions I filed to the appellate counsel but not counsel Dunn. Neither counsel raised the issues described in sections 1 through 11 above.

(b) If you did not exhaust your state remedies on Ground One, explain why:   I did raise these issues repeatedly even up till the last courts decision dated December 20th, 2018 even when the people stated they were partially wrong before. All issues have been properly raised and exhausted to the highest court of jurisdiction, in the state court.

_____

_____

_____

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:     The trial court refusal to allow
me to act in pro per to file motions in the trial court is a structural error which
cannot be harmless. I attempted to have the court intervene prior to the appellate
counsel filing a frivilous appeal to block my direct leave to appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: In addition to the motions already mentioned I raised the
issues in a motion for relief

Name and location of the court where the motion or petition was filed:     Saginaw County Circuit Court
located at 111 S. Michigan Ave., Saginaw Michigan 48602

Docket or case number (if you know): 08-031116-FC CT.1,5; 08-031117-FH CT.1; 08-031118-FH CT.1

Date of the court's decision:     The last courts opinion regarding this issue is 12-20-18.

Result (attach a copy of the court's opinion or order, if available):     When the original motion for
reliefs was pending in the Michigan supreme court a new citation came out that said
the trial court was not allowed to sua sponte change a sentence. I reraised the issue
again using this citation and the court ruled I was not entitled to a successive motion
for relief from judgment based on inaccurate facts and did not use the peoples answer.
See appendix attached to this page 7.1 through 7.7

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     MOTION FOR RECONSIDERATION OF COURTS
DENIAL OF SUCCESSIVE MOTION FOR RELIEF FROM JUDGMENT FILED IN SAGINAW CIRCUIT COURT

Docket or case number (if you know):     08-031116-FC CT.1,5; 08-031117-FH CT.1; 08-031118-FH CT.1

Date of the court's decision:     December 20, 2018

Result (attach a copy of the court's opinion or order, if available):     Denied. SEE attached to this page
appendix pages 7.1 through 7.7

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

This denial was not appealed through the Michigan Court of Appeals and the Michigan
Supreme Court because it is not permitted in Michigan to appeal a denial of a successive
motion for relief from judgment. The errors contained within this opinion and order
is a continuation of the origional leave to appeal in the Michigan Supreme Court as
these issues must be raised in the trial court first to be complete and considered
exhausted due to change in citation interpretation.

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

**PEOPLE OF THE STATE OF MICHIGAN,**

　　　　　　　　　**Plaintiffs,**

**v.**

**MARK COLIN JENNINGS II,**

　　　　　　　　　**Defendant.**

File Nos. 08-031116-FC
　　　　　08-031117-FH
　　　　　08-031118-FH

_____/

### OPINION AND ORDER OF THE COURT

At a session of said Court, held at the Court House in the City of Saginaw, County of Saginaw, and State of Michigan, this 20th day of December, 2018;

**PRESENT: HONORABLE MANVEL TRICE III,** Circuit Judge.

This matter comes before the Court on Defendant's Motion for Reconsideration of this Court's June 20, 2018 Opinion and Order denying Defendant's Successive Motion for Relief from Judgment.

### OPINION

#### I. Background

On February 24, 2011, at a hearing before the Hon. Robert L. Kaczmarek, and after having already been convicted of First Degree Criminal Sexual Conduct ("CSC1") at jury trial in File No. 08-031116-FC, Defendant Mark Jennings chose to plead no contest to the crimes of Second Degree Criminal Sexual Conduct ("CSC 2") in File No. 08-031116-FC, Third Degree Criminal Sexual Conduct ("CSC 3") in File No. 08-031117-FH, and Fourth Degree Criminal Sexual Conduct ("CSC 4") in File No. 08-031118-FH. Sentences for each of these plea convictions were later imposed on May 9, 2011, which included lifetime electronic monitoring for his CSC 2 conviction in File No. 08-031116-FC.[1]

---

[1] At the time, Defendant had already been sentenced to lifetime electronic monitoring in File No. 08-031116-FC for his earlier First Degree Criminal Sexual Conduct ("CSC 1") conviction at jury trial. *Sentencing Transcript* (01/18/2011), 8; *Judgment of Sentence* (s. 01/20/2011). Lifetime electronic monitoring is a required for any person convicted of CSC 1 pursuant to MCL 750.520b which unambiguously commands that, "the court shall sentence the defendant to lifetime electronic monitoring under section 520n." MCL 750.520b(2)(d); see also *People v. Comer*, 500 Mich. 278, 292, 901 N.W.2d

1

**A TRUE COPY**
**Michael J. Hanley, Clerk**

Defendant subsequently appealed and, after determining the law now required a defendant to be advised of mandatory lifetime electronic monitoring pursuant to MCL 750.520n as part of the plea colloquy, the Court of Appeals remanded the matter with instructions that he be given the opportunity to withdraw his plea. *People v. Jennings*, COA Docket No. 309941, Order (11/20/2012). Defendant then exercised that right to withdraw his plea, but ultimately decided, on February 19, 2013, to enter into a plea agreement where he again pled no contest to the charges of CSC 2, CSC 3, and CSC 4, and acknowledged his status as a habitual offender third offense. At that plea hearing, Defendant was expressly advised that the CSC 2 conviction required lifetime monitoring.[2]

On April 15, 2013, in accordance with the plea agreement, Judge Kaczmarek sentenced Defendant as a habitual offender third to a minimum term of imprisonment of 72 months to a maximum 30 years for both his CSC 2 conviction in File No. 08-031116-FC and his CSC 3 conviction in File No. 08-031117-FH. He was further sentenced to a minimum of 24 months to a maximum of 4 years for his CSC 4 conviction in File No. 08-031118-FH. However, Judge Kaczmarek failed to expressly state on the record that the Defendant's CSC 2 conviction included lifetime electronic monitoring and it was not included in the amended judgment of sentence. That oversight, and other clerical errors (e.g., inadvertently altering the CSC 1 sentence), were later corrected by the Court *sua sponte* in an amended judgment of sentence entered on May 21, 2013.

Defendant thereafter requested appointment of appellate counsel on June 4, 2013 and ultimately sought leave to appeal. His delayed application for leave to appeal was denied by the Court of Appeals on January 23, 2014 "for lack of merit in the grounds presented." *People v. Jennings*, COA Docket No. 319530, Order (1/23/2014). He has since returned to the Tenth Circuit where he has filed numerous motions continuing to the present date.

Currently at issue is this Court's Opinion and Order of June 20, 2018 denying Defendant's Successive Motion for Relief from Judgment, filed January 23, 2018, as to his plea convictions in these three files. Following that denial, Defendant filed the present motion for reconsideration asserting, *inter alia*, that our Supreme Court's recent decision in *People v. Comer*, 500 Mich. 278, 901 N.W.2d 553 (2017), constitutes a retroactive change in law that warrants relief in a successive motion for relief from judgment. In an August 28, 2018 Order, this Court directed the People to file a response on that issue, but denied all other relief sought by the motion for reconsideration. The People having filed their response, the matter is now ripe for judicial resolution.

---

553, 560 (2017)("[W]e hold that under § 520b(2)(d), lifetime electronic monitoring must be imposed for all defendants convicted of CSC–I except where the defendant has been sentenced to life without the possibility of parole under § 520b(2)(c).") Consequently, the issue of whether the Defendant is *also* subject to lifetime electronic monitoring for his CSC 2 conviction is largely academic – upon release Defendant will be subject to lifetime monitoring regardless of the Court's ruling on the present motion.

[2] *Plea Transcript* (02/19/2013), 12.

II. Discussion

On reconsideration, Defendant contends that this Court's June 20, 2018 Opinion and Order errs in concluding that his successive motion for relief from judgment was barred by MCR 6.502(G)(2) because the motion failed to identify any newly discovered evidence or retroactive changing in law that should be considered.

**A. Standard of Review**

In a motion for reconsideration, the "moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3); MCR 6.001(D). Among other things, the Court of Appeals has defined "palpable error" as plain, obvious, readily visible, and patent. *Stamp v. Mill Street Inn*, 152 Mich.App. 290, 294 (1986); lv. den. 426 Mich. 882. The decision to grant or deny a motion under MCR 2.119(F) lies within the sound discretion of the Court. *Brown v. Libbey-Owens-Ford Co*, 166 Mich.App. 213, 216 (1987); lv. den. 430 Mich. 860.

**B. Palpable Error**

While Defendant now identifies *People v. Comer*, 500 Mich. 278, 901 N.W.2d 553 (2017) as a basis for asserting a retroactive change in law, he does not claim that the underlying motion denied by the Court of June 20, 2018 made this argument. Thus the Court's June 20, 2018 Opinion and Order did not palpably error in concluding that the motion filing was barred by MCR 6.502(G)(2) because it failed to present a claim of new evidence or a retroactive change in law. However, because defendant has now done so, the Court in its discretion will consider the argument.

1. Alleged Retroactive Change in Law

Defendant appears to argue that our Supreme Court's decision in *People v. Comer*, 500 Mich. 278, 901 N.W.2d 553 (2017), worked a retroactive change in law which instructs the Court was without authority to *sua sponte* change the Judgment of Sentence on May 21, 2013 to include lifetime electronic monitoring for his CSC 2 conviction as mandated by law.[3] Defendant is mistaken.

a.) *Retroactivity in the Context of Collateral Review*

---

[3] Defendant's motion also challenges the inclusion of lifetime electronic monitoring for his CSC 1 trial conviction. As reflected in the Court's August 28, 2018 Order o this motion for reconsideration, that challenge is improperly made as the underlying successive motion for relief from judgment only sought relief from his plea convictions. However, that matter was ultimately resolved on September 20, 2018, when this Court denied another successive motion for relief from judgment, filed June 26, 2018, which likewise advanced argument based on *Comer* that challenged the inclusion of lifetime electronic monitoring as part of his CSC 1 sentence.

3

Our Supreme Court recently addressed the issue of what constitutes a retroactive change of law, for purposes of final conviction that is only subject to collateral review, in *People v. Barnes*, 502 Mich. 265, 268, 917 N.W.2d 577, 580 (2018). As explained by the *Barnes* Court:

> Ordinarily, "judicial decisions are to be given complete retroactive effect." *Hyde v. Univ. of Mich. Bd. of Regents*, 426 Mich. 223, 240, 393 N.W.2d 847 (1986). But judicial decisions which express new rules normally are not applied retroactively to other cases that have become final. "New legal principles, even when applied retroactively, do not apply to cases already closed," because "at some point, 'the rights of the parties should be considered frozen' and a 'conviction ... final.' " *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758, 115 S.Ct. 1745, 131 L.Ed.2d 820 (1995), quoting *United States v. Estate of Donnelly*, 397 U.S. 286, 296, 90 S.Ct. 1033, 25 L.Ed.2d 312 (1970) (Harlan, J., concurring). <u>Thus, as to those cases that have become final, the general rule allows only prospective application.</u>

*Barnes*, 502 Mich. at 268. (underlined emphasis added).

Nevertheless, certain limited exceptions to this general rule of non-retroactivity exist. There are:

> two categories of rule that are not subject to its general retroactivity bar. First, courts must give retroactive effect to new substantive rules of constitutional law. Substantive rules include "rules forbidding criminal punishment of certain primary conduct," as well as "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Penry v. Lynaugh*, 492 U.S. 302, 330 [109 S.Ct. 2934, 106 L.Ed.2d 256] (1989); see also *Teague*, [489 U.S.] at 307 [109 S.Ct. 1060].... Second, courts must give retroactive effect to new " ' "watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding.' " [*Schriro v. Summerlin*, 542 U.S. 348, 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004)]; see also *Teague*, 489 U.S. at 312-313 [109 S.Ct. 1060].
>
> *Id.* at 269, quoting *Montgomery v. Louisiana*, 136 S. Ct. 718, 728, 193 L. Ed. 2d 599 (2016).

Therefore, when a conviction has become final, new decisions, as a general rule, are not to be applied retroactively. Rather, a decision only applies retroactively in collateral review proceedings where it involves: (1) a new substantive rule of constitutional law or (2) watershed rules of criminal procedure which implicate the fairness and accuracy of a criminal proceeding.

### b.) *Comer Does Not Apply Retroactively on Collateral Review*

Here, the amended May 21, 2013 sentence, imposing lifetime electronic monitoring for CSC 2, became final at the conclusion of Defendant's appeal in 2014. As

a result, the general rule instructs that our Supreme Court's decision in *Comer*, years later in 2017, does not apply retroactively to Defendant's case. Nor has Defendant made any argument or showing that *Comer* fits within one of the two exceptions to the general rule of non-retroactivity.

Moreover, having independently reviewed the matter, the Court determines that neither of the two exceptions that would remove *Comer* from the general rule of non-retroactivity apply. As a result, that decision does not apply to the present collateral review proceeding authorized by MCR 6.500 *et seq.*

      (i.)    *Comer Announced a New Rule – But Not a New Substantive Rule of Constitutional Law*

That *Comer* was a "new rule" is without question. As the *Comer* Court itself acknowledged, its ruling was a departure from prior precedent: "In the past, we have recognized that trial courts have the power to correct an invalid sentence sua sponte." *People v. Comer*, 500 Mich. 278, 298, 901 N.W.2d 553, 563–64 (2017) (footnote omitted). Indeed, our Supreme Court had previously recognized that under MCR 6.429(A) a trial court "may correct an invalid sentence after sentencing." *People v. Miles*, 454 Mich. 90, 96, 559 N.W.2d 299, 302 (1997). The same decision further recognized that MCR 6.429(A) contained no procedural limitations on a trial court's authority to correct invalid sentences, observing:

> M.C.R. § 6.429(A) does not specify procedural safeguards that must be afforded a defendant when an invalid sentence is modified. <u>Certain sentence modifications of invalid sentences are ministerial in nature and do not require a resentencing hearing</u>; however, other modifications require the due process protections of a resentencing hearing.

*Id.* at 98–99 (underlined emphasis added; footnotes omitted).

As lifetime electronic monitoring for Defendant's CSC 2 conviction is mandated by MCL 750.520n, the task of including that term in Defendant's sentence was a non-discretionary act which the trial court was required to do. The inclusion of that term was thus a purely ministerial act and did not require the Court to hold a formal resentencing hearing under then-existing law. Consequently, the record reflects that this Court's predecessor acted in full accordance with the court rules and the rulings of our Supreme Court in issuing the amended judgment of sentence on May 21, 2013 that specified lifetime electronic monitoring as required not only by Defendant's earlier CSC 1 conviction, but as a result of his later CSC 2 conviction as well.

However, while it is thus readily seen that our Supreme Court exercised its prerogative to announce a new understanding of MCR 6.429(A) in *Comer,* and thereby limit the ability of trial courts to correct invalid sentences, it is equally apparent that the decision dealt solely with a court rule concerning criminal procedure and how it should be interpreted. Because this interpretation of a state court rule concerning criminal procedure did not involve any constitutional question, let alone announce a new

substantive rule of *constitutional* law, it does not qualify under the first exception to the general rule that the decision only be given prospective application in collateral review proceedings.

> (ii.)    *Comer did not Announce a New "Watershed" Rule of Criminal Procedure*

The remaining exception to be considered, then, is the question of whether *Comer's* reinterpretation of MCR 6.429(A), over three decades after its adoption, qualifies a new watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. As explained by our Supreme Court:

> "In order to qualify as watershed, a new rule must ... be necessary to prevent an impermissibly large risk of an inaccurate conviction ... [and] alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding."
>
> *Barnes*, 502 Mich. at 271, quoting *Whorton v. Bockting*, 549 U.S. 406, 418, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007), quoting *Schriro*, 542 U.S. at 356, 124 S.Ct. 2519.

Thus, a rule which "has *nothing* to do with the accuracy of a conviction" does not satisfy this exception. *Id.* at 271-272 (italicized emphasis original).

Plainly, a rule concerning the procedures to be followed in correcting an invalid sentence has nothing to do with the accuracy of the conviction itself. Indeed, the facts of this case demonstrate the absence of any such relationship. The only action taken by the trial court was to correct an invalid sentence which, contrary to law, failed to include lifetime electronic monitoring. That action concerning the sentence necessarily has no relationship whatsoever to the conviction for CSC 2 itself, which occurred at the earlier plea hearing, let alone one that risks an inaccurate conviction.[4]   Therefore, the rule announced by *Comer* also fails to fit within the second exception to the general rule that it does not apply retroactively in collateral review proceedings.

<u>III. Conclusion</u>

In light of the foregoing, the Court determines that our Supreme Court's recent decision interpreting MCR 6.429(A) in *Comer* falls within the general rule that the decision be given prospective application only in collateral review proceedings, such as motions for relief from judgment under subchapter MCR 6.500. The new rule announced in that case does not involve a matter of substantive constitutional law, nor does it involve a watershed rule of criminal procedure which implicates the fairness and accuracy of the criminal conviction obtained. Given that no retroactive change in law has occurred in these final cases, relief from judgment is not warranted.

---

[4] Nor is there any dispute that Defendant was informed at the plea hearing that lifetime electronic monitoring wuld be required for his CSC 2 conviction.

6

No palpable error in this Court's Opinion and Order of June 20, 2018 resulting in a different disposition of the motion having been shown, Defendant's motion for reconsideration is therefore denied.

## ORDER

Accordingly, the Court **DENIES** Defendant's Motion for Reconsideration of its Opinion and Order of June 20, 2018 denying Defendant's Successive Motion for Relief from Judgment pursuant to MCR 6.502(G) with respect to his plea convictions, filed on January 23, 2018.

**It is so ordered.**

MANVEL TRICE III
Circuit Judge
10th Judicial Circuit

Dated: December 20, 2018.

7

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:   There are no more remedies left aside from a state
and federal habeas corpus. A state habeas corpus is not required to exhaust my state
remedies nor does it toll the 1 year limitations of filing a petition for a writ of
habeas corpus in federal courts.

**GROUND TWO:** THE TRIAL COURT DENIED ME MY CONSTITUTIONAL RIGHT TO ACT IN PRO PER
IN THE TRIAL COURT TO CORRECT AND INVALID SENTENCE AND WITHDRAW A INVOLUNTARY, INACCURATE
AND UNKNOWING PLEA.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The trial court denied the motion on November 08, 2013 to ACT IN PRO PER because
ON OCTOBER 14,2013 I filed a motion to act in pro per to file motions to correct my
invalid sentence that was objected to or to motion to withdraw my plea as unknowing,
involuntary and inaccurate. I did not plea to 08-031116-FC CT.5 to be the victim Katie
Jennings. This made the Offense variables inaccurate. I did not plea to be sentenced
as a habitual offender 3rd. The sentences in 08-031116-FC CT.5 was supposed to be
Lacey Davis and the court used Katie Jennings testimony to support the acceptance of
this plea making this plea involuntary, inaccurate and unknowing. I pled to 3yrs min.
to no more than 6yrs maximum on case numbers 08-031116-FC CT.5 and 08-031117-FH CT.1
the trial court sentenced me to 6 years min. to 30yrs maximum as a 3rd habitual offender.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   BECAUSE MY STATE APPELATE COUNSEL
PURPOSELY ACTED INEFFECTIVELY AND THE TRIAL COURT REFUSED TO ALLOW ME TO ACT IN PRO
PER. TO RAISE THESE ISSUES ASWELL AS THE FACT MY TRIAL COUNSEL DUNN WAS INEFFECTIVE.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   MOTION TO ACT IN PRO PER, MOTION FOR RELIEF FROM CONVICTION
AND SUCCESSIVE MOTIONS FOR RELIEF FROM CONVICTION, MOTION FOR RECONSIDERATION.
Name and location of the court where the motion or petition was filed:   Saginaw County Circuit Court
111 S. Michigan Ave., Saginaw, MI 48602

Docket or case number (if you know): 08-031116-FC CT.1,CT.5;08-031117-FH CT.1;08-031118-FH CT.1

AO 241 (Rev. 09/17)

Date of the court's decision: November 08,2013 and December 20,2018 see attached appendic's pages 5.1,5.2,7.1-7.7.

Result (attach a copy of the court's opinion or order, if available): Denied on November 08,2013, than the trial court refused to address it in my first motion for relief so I raised it again in my successive motion for relief which was denied on December 20,2018. I have attached these decisions as pages 5.1,5.2,7.1 through 7.7.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Michigan Court of Appeals, Michigan supreme Court, Saginaw County Circuit Court

Docket or case number (if you know): 08-031116-FC,CT.1,5;08-031117-FH,CT.1;08-031118-FH,CT.1 COA#302403-F;309941-F;319530-F;334210-F;335203-L;309941-F; 319532-F;309941-F;319531-F;336249-L;MSC 155604

Date of the court's decision: The last rendered decision of any court was 12-20-18

Result (attach a copy of the court's opinion or order, if available): Denied. The decision dated 11-08-13 and 12-20-18 is attached I do not have the remaining decisions,opinions and Orders because the MDOC destroyed them. I will obtain them again if they are not already provided.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The last rendered opinion and order by the trial court is a denial of a successive motion for relief from judgment which cannot be appealed however I did raise this issue in my previously submitted motions and motions for relief from judgment, Motion to act in pro per which have been raised in the COA and MSC and the trial court repeatedly.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : As explained I have motioned to act in pro per it was denied. I have appealed this issue through various Motions for reliefs from judgments and successive motions for relief from judgments which were all ignored by the courts leaving the only rendered opinion in attached pages 5.1,5.2, 7.1-7.7

**GROUND THREE:** THE TRIAL COURT DENIED ME MY DUE PROCESS RIGHTS UNDER U.S. CONST. AM. V,XIV;CONST. 1963,ART.1,§17 BY IMPOSING A SENTENCE AND CONVICTIONS THAT WERE NOT PART OF THE PLEA AGREEMENT WHICH MAKES THIS PLEA UNKNOWING, INVOLUNTARY AND INACCURATE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I PREVIOUSLY TOLD THE COURT I AM NOT A 3RD HABITUAL OFFENDER. I DID NOT AGREE TO BEING SENTENCED AS A 3RD HABITUAL OFFENDER. I DID NOT AGREE TO BEING SENTENCED TO KATIE JENNINGS BEING A VICTIM. I AGREED THE SENTENCE WAS SUPPOSED TO BE 3YRS MIN. TO NO MORE THAN 6YRS MAX. I OBJECTED AT SENTENCING THAT THESE AFOREMENTIONED WERE INACCURATE. THE TRIAL COURT IGNORED ME AND SENTENCED ME TO 6YRS MIN. TO 30YRS MAX., AS A THIRD HABITUAL OFFENDER.

I.     THE TRIAL COURT VIOLATED MY U.S. CONST.
AMS. V,XIV; CONST. 1963, ART.1, §17 BY
IMPOSING A SENTENCE AND CONVICTIONS THAT
WAS NOT PART OF THE PLEA AGREEMENT WHEN IT:

A.     THE TRIAL COURT VIOLATED MY DUE PROCESS
RIGHTS BY CONVICTING ME OF A CRIME OF
CRIMINAL SEXUAL CONDUCT IN THE SECOND
DEGREE, MCL 750.520c, AGAINST KATREENA
JENNINGS. I DID NOT ACCEPT THIS PLEA
AGREEMENT. NOR, IS THERE EVIDENCE TO
SUPPORT THIS CRIME CONTAINED IN THE TRIAL
COURT RECORD, IN CASE NUMBER 08-031116-FC.

B.     THE TRIAL COURT VIOLATED MY DUE PROCESS
RIGHTS BY SENTENCING ME AS A 3RD HABITUAL
OFFENDER IN CASE NUMBER 08-031116-FC. I
DID NOT ACCEPT THIS PLEA AGREEMENT AND THE
CRIMINAL RECORD DOES NOT SUPPORT THIS SENTENCE.

C.     THE TRIAL COURT VIOLATED MY DUE PROCESS
RIGHTS BY SENTENCING ME TO 6 YEARS MINIMUM
TO 30 YEARS MAXIMUM, IN CASE NUMBER 08-031116-FC
I DID NOT ACCEPT THIS PLEA AGREEMENT SENTENCE.
THERE IS NO SUPPORT IN THE TRIAL COURT RECORD
TO SUPPORT THE SENTENCE THE COURT SENTENCED
ME TO AND IT IS NOT BASED ON THE RIGHT VICTIM.

D.     THE TRIAL COURT VIOLATED MY DUE PROCESS
RIGHTS BY USING INFORMATION IT OBTAINED
IN OTHER COURT PROCEEDINGS IT WAS INVOLVED
IN. THE COURT DID NOT DISCLOSE THIS INFORMATION
PRIOR TO IT'S INVOLVEMENT IN CASE NUMBER
08-031116-FC. THE COURT WAS PERSONALLY BIASED
AGAINST ME AND THIS PREJUDICED ME BY THE COURT
COMMITTING THE ACTS DESCRIBED IN SECTIONS A,B AND
C ABOVE. THIS WAS DONE ON PURPOSE BY THE COURT
KNOWING IT WOULD BE ALMOST IMPOSSIBLE TO WITHDRAW
THIS PLEA. THIS IS PROVEN BY THE FACT IT REFUSES
TO CORRECT THE ERRORS IN SENTENCING AND/OR ALLOW
ME TO WITHDRAW MY PLEA WHEN THERE IS NO BASIS FOR
THE CRIME OR THE SENTENCE OR EVEN A VICTIM.

E.     THE TRIAL COURT VIOLATED MY DUE PROCESS RIGHTS
BY CONVICTING ME OF THE CRIME OF CRIMINAL
SEXUAL CONDUCT IN THE 3RD DEGREE, MCL 750.520d,
AGAINST KIRSTEN RISELAY. I DID NOT ACCEPT THIS
PLEA AGREEMENT. NOR, IS THERE EVIDENCE CONTAINED
IN THE TRIAL COURT RECORD IN CASE NUMBER 08-031116-
FC TO SUPPORT THIS CRIME BEING COMMITTED IN THIS
CASE NUMBER 08-031117-FH. THE SENTENCE THAT WAS AGREED
TO AND PLACED ON RECORD WAS 3YRS MIN. TO NOT MORE THAN 6YRS
MAX. I DID NOT AGREE TO BEING SENTENCED AS A 3RD HABITUAL
OFFENDER.NOR, TO BEING SENTENCED TO 6YRS MIN. TO 30YRS MAX.

F.  THE TRIAL COURT VIOLATED MY DUE PROCESS RIGHTS BY CONVICTING ME OF THE CRIME
    OF CRIMINAL SEXUAL CONDUCT IN THE 4TH DEGREE, MCL 750.520e, THE VICTIM BEING
    STEPHANIE AVERILLE. IN EXCHANGE FOR ME TO ACCEPT THIS PLEA THE PROSECUTOR AND
    THE COURT AGREED TO ALLOW ME TO ACCEPT A MAXIMUM 2YRS SENTENCE WITH NO HABITUAL
    OFFENDER. THIS PART OF THE PLEA WAS UNKNOWING, INVOLUNTARY AND INACCURATE BECAUSE:

    1. THE PEOPLE AND THE COURT WERE SUPPOSED TO NOT PROSECUTE ME ON COUNT 2 OF
    THE INFORMATION. THAT BEING AND IDENTICAL CHARGE OF CSC4 INVOLVING STEPHANIE
    AVERILLE. HOWEVER, DURING, THE PRELIMINARY EXAMINATION I WAS NOT LEGALLY
    REPRESENTED BY COUNSEL. THE PROSECUTION ADDED COUNT 2 TO THE INFORMATION AFTER
    HE ALLEGEDLY TALKED  TO STEPHANIE AVERILLE IN CHAMBERS WITHOUT ME OR COUNSEL
    PRESENT. FURTHER, THIS COUNT WAS NEVER CHARGED ON A COMPLAINT AND I WAS NEVER
    ARRAIGNED IN THE DISTRICT COURT OF SAGINAW COUNTY ON COUNT 2. THE COURT NOR
    THE PROSECUTION COULD USE THIS COUNT AS A BARGANING TOOL BECAUSE  IT WAS NOT
    A FACTUAL CHARGE NOR DID IT GIVE ME SUFFICIANT NOTICE THAT I WAS TO BE CHARGED
    WITH THIS CRIME OR THE FACTUAL ALLEGATIONS PLACED AGAINST ME.

    2. I DID NOT AGREE TO BEING SENTENCED TO 2YRS MIN. TO 4YRS MAX.

    3. I DID NOT AGREE TO BEING SENTENCED AS A 3RD HABITUAL OFFENDER.

G.    THE TRIAL COURT STATED ON RECORD HE COULD ACCEPT THIS WHOLE PLEA BASED ON
    THE ALLEGED VICTIMS STATEMENTS IN THE TRIAL COURT RECORD OF CASE NUMBER
    08-031116-FC CT.1. HOWEVER, THERE IS NO STATEMENTS MADE BY STEPHANIE AVERILLE,
    KATIE JENNINGS, KIRSTEN RISELAY AND LACEY DAVIS THAT CAN BE USED TO SUPPORT
    THESE CONVICTIONS. THERE STATEMENTS WERE ALL IMPEACHED BY THE COURT ITSELF
    AND THERE STATEMENTS DID NOT MEET THE ELEMENTS OF THE CHARGED OFFENSES.
    PLEASE SEE TRIAL TRANSCRIPTS VOLUME I THRU XII. THIS MAKES THESE PLEAS
    INVOLUNTARY, INACCURATE AND UNKNOWING.

H.  ON JANUARY 11, 2013 MY APPELATE COUNSEL MR.BREMMER AND PROSECUTOR DUGGAN DISCUSSED
    IN TRIAL COURT OF ME REPLEADING TO THE SAME CHARGES AGAIN WITH THE SENTENCE OF
    3YRS MIN. TO A MAXIMUM OF 10 YRS. WHEN COUNSEL BREMMER DISCUSSED THIS IN
    THE CONFERANCE ROOM HE TOLD ME THE DEAL WAS THE COURT HAD THE CHOICE OF MAKING
    MY MINIMUM SENTENCE ANYWHERE INBETWEEN 3YRS TO 10YRS AND MY MAXIMUM WOULD BE
    WHATEVER IT TURNED OUT TO BE AS A 3RD HABITUAL OFFENDER. THIS IS STATED ON
    RECORD AS TO WHAT HE TOLD ME. THIS WAS NOT WHAT THE PROSECUTOR SAID. THE OFFER
    WAS 3YRS MIN. AND 10 YRS MAX. NO HABITUAL 3RD.

I.  WHEN I HIRED MR. DUNN AS MY COUNSEL ON FEBRUARY 19,2013 HE IMMEDIETLY BEGAN
    PLEA NEGOTIATIONS IN CHAMBERS WITH THE COURT AND PROSECUTOR. MR. DUNN DID
    THIS WITHOUT EVER ASKING FOR ANY RECORDS OR FILING FOR DISCOVERY. HE CAME OUT
    AND TOLD ME THE NEW PLEA WAS 3YRS MIN. TO NO MORE THAN 6YRS MAX. WITHOUT ANY
    HABITUAL OFFENDER. THIS WAS FOR CASE NUMBER 08-031116-FC CT.5 AND LACEY DAVIS
    WOULD BE THE VICTIM  TO CRIMINAL SEXUAL CONDUCT IN THE 2ND DEGREE. THAT IN
    CASE NUMBER 08-031117-FH CT.1 THE VICTIM WOULD BE KIRSTEN RISELAY TO THE CHARGE
    OF CRIMINAL SEXUAL CONDUCT IN THE 3RD DEGREE. IN CASE NUMBER 08-031118-FH CT.1
    THE VICTIM WOULD BE STEPHANIE AVERILLE TO THE CHARGE OF CRIMINAL SEXUAL CONDUCT
    IN THE 4TH DEGREE. THE SENTENCE FOR THIS CHARGE WAS NOT TO EXCEED 2YRS AND I
    WAS NOT TO BE CHARGED AS A HABITUAL OFFENDER 3RD. THIS IS THE PLEA I ACCEPTED,
    BEFORE I EVER SEEN THE TRIAL COURT RECORD, PRESENTENCE INVESTIGATION REPORT,
    SENTENCING INFORMATION REPORT OR WAS MADE AWARE CT.2 IN CASE NUMBER 08-031118-
    FH WAS NOT A CHARGE THE PEOPLE COULD PLEA BARGAIN WITH.

1. On February 12,2013 the trial Court appointed me counsel George Bush he immedietly filed a motion to adjoin trial without my request or knowledge. I had just claimed my speedytrial rights were violated on January 11,2013. I never asked the trial court to appoint me this counsel or for him to act on my behalf.

2. On February 19,2013 my mother Judy Rabidue hired attorney Robert Dunn to represent me. He filed a motion to replace counsel Bush. Robert Dunn Filed no appearance, no jury demand, no motion for discovery and never accessed my court records, discussed the case with me or talked to prior counsel. COUNSEL DUNN basically walked into the court room and accepted the plea on my behalf. I did not agree to being sentenced to a 3rd habitual Offender; I did not agree to being sentenced to lifetime electronic monitoring, I did not agree to being required to register as a sex offender and it's future, present or past amendments. I didn't agree to plea that was 72 months on it's minimum and 30 years maximum for case # 08-031116-FC CT.5 For victim being Katie Jennings or Lacey Davis. I did not agree to a plea to case # 08-031117-FH 72 months minimum to 30 years maximum CT.1 victim Kirsten Riselay. I did not agree to a plea of 2 years minimum to 4 years maximum for CT.1 in case #08-031118-FH with the victim being Stephanie Averille. I was under the impression by my counsel Mr. Bremmer, Mr. Dunn and the People the plea was going to be 3 years on the minimum to no more than 6 years on the maximum in Case 08-031116-FC CT.5 with the victim being Lacey Davis not Katie Jennings and Case 08-031117-FH CT.1 with the victim being Kirsten Riselay and that the misdemeanor in case 08-031118-FH would be 2 years maximum for CT.1 involving Stephanie Averille. If you review the transcripts in the plea hearing on February 19,2013 my attorney Mr. Dunn went into the chambers with the Judge Robert L. Kaczmarek and the Prosecutor Mr Patrick Duggan. They discussed the plea amongst themselves and than returned to the court room. I did not agree to anything they discussed in chambers nor was I made aware of what was discussed in chambers. I was placed under oath during these proceedings but only agreed to a potential sentence minimum and maximum of 6 years, no habitual offender or LEM and SORA. When the confusion started to manifest itself to what the plea was going to be my attorney stepped in and said it was what we had agreed in chambers to and he stated he accepted those conditions of the agreement. I did not agree to this and in fact told the court I was not a 3rd habitual offender. This was not a knowing, voluntary and accurate plea. The trial court even stated it was accepting this plea based on the alleged victims testimony during trial in case number 08-031116-FC CT.1 Victim Katie Jennings for CSC1. However, during that trial the court itself impeached all the alleged victims on the counts for which it was now accepting a plea to. Further, there is no CT.5 CSC 2nd degree in case number 08-031116-FC involving Katie Jennings. The Court said it was accepting this plea based on Katie Jennings testimony for 2nd degree CSC not Lacey Davis. There is no trial testimony involving Lacey Davis that would support the charge of CSC 2nd degree and in fact Lacey Davis was not only impeached on this count but also she told the court that the police had changed the police report and the statements made in the police report were wrong and that she never said those statements and she tried to have it fixed. That she told the police that this was not what she had said and it was wrong. SEE Trial Transcripts Volume IV page 36 Even in line 1 the TRIAL COURT STATES" I don't know. I think we are all a little confused to exactley what was said. Go ahead." This is clearly a unknowing, involuntary and very inaccurate plea bargain. This reason alone makes this plea unconstitutional and proves I am being held on ficticious charges for which no jurisdiction rest with the trial court to even accept this plea.

3. On February 19,2013 the court held the alleged plea negotiations and plea acceptance. On February 28,2013 the trial court ordered the withdrawel of the first plea which deprives the court of jurisdiction to accept the plea agreement terms and conditions in the second plea for the same charges or hold any hearings concerning these cases because the jurisdiction was still in the Michigan Court of Appeals. This deprives all parties including the government of jurisdiction to which causes this plea to be unknowing, involuntary and inaccurate on a constitutional level because the state of Michigan has no binding authority giving it power to deprive me of my liberty.

4. On April 15,2013 the trial Court held the sentencing hearings for case numbers 08-031116-FC CT.5, CSC2 Victim Lacey Davis; 08-031117-FH,1CSC3 victim Kirsten Riselay; 08-031118-FH CT.1, CSC4 victim: Stephanie Averille. The trial court asked if there was anything inaccurate and I clearly objected to being sentenced as a 3rd habitual offender as it was not part of the agreement nor am I subject to being a 3rd habitual offender. I also objected to having Katie Jennings as the Victim in case 08-031116-FC CT.5. These factors alone make the negotiatons information wrong because the state used the victim Katie Jennings to score the Guidelines and the other sentencing factors. This plea was not knowing, was not accurate and is involuntary. It was objected to at sentencing and it was raised repeatedly in post conviction proceedings. Regardless of how the state is made aware of the errors it must respond and correct these errors or the plea cannot stand. I raised these issues in all the courts available in the state of Michigan and they refuse to fix there errors and / or withdraw this plea. This is a constitutional issue. The state has no jurisdiction of these charges and sentences and therefore the plea must be vacated and I must be released from custody.

5. The state appointed me appllate counsel on June 10, 2013. When I spoke with appellate counsel they refused to raise the issue stated in section 4. above and that my trial counsel was ineffective for not filing a motion to withdraw this plea. Than, SADO (State Appellate Defenders Office) refused to file a motion to withdraw this plea based on those factors. I filed a motion to act in pro per because appellate counsel was purposely ruining my leave to appeal by notmotioning in the trial court to withdraw my plea based on these factors. It should be noted here that the court refiled a Judgment of Sentence (JOS) on 04-15-13, 04-22-13 and 05-21-2013 without me or counsel present to multiple inaccurate, involuntary and unknowing sentences that still contain these errors as well as other state errors which is also a constitutional issue. I objected to all these and filed a request for counsel on 06-04-13 which was not ordered until 06-10-13 and the Appellate Counsel Did not file and appearance until October 14,2013. I filed my motion to withdraw my plea and to act in pro per before the appellate counsel filed its appearance on October 14,2013. The trial Court violated my Constitutional Right to act in pro per and to withdraw this plea as unknowing, inaccurate and involuntary, aswell as both trial and appellate counsel acting ineffective for not doing so. The Court denied these motions on November 08,2013 well after the time for filing such motions and struck my requests for hearings and motions. All these issues are constitutional in nature but the denial of me to act in pro per so the state appellate defenders office could ruin my leave to appeal and my legitimate chance to withdraw my plea is unconstitutional and is a structural error which trumps all other issues. See Docket entry sheet dated 10-04-13 and 11-08-13. I have raised these issues through all state courts and exhausted my state court remedies.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)      **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why:  BECAUSE MY STATE APPELLATE COUNSEL
PURPOSELY ACTED INEFFECTIVELY AND THE TRIAL COURT REFUSED TO ALLOW ME TO ACT IN PRO PER.
TO RAISE THESE ISSUES ASWELL AS THE FACT MY TRIAL COUNSEL DUNN WAS INEFFECTIVE.

(d)      **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes  ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  MOTION TO ACT IN PRO PER.MOTION FOR RELIEF FROM JUDGMENT

Name and location of the court where the motion or petition was filed:  SAGINAW COUNTY CIRCUIT COURT
111 S. MICHIGAN AVE., SAGINAW, MI 48602

Docket or case number (if you know):  08-031116-FC CT.1,5;08-031117-FH CT.1;08-031118-FH CT.1

Date of the court's decision:  NOVEMBER 08,2013; MAY 27,2016 and December 20,2018

Result (attach a copy of the court's opinion or order, if available):  I have attached the denial to
act in pro per and the last courts rendered decxision on this matter on pages 5.1,5.2,
7.1 through 7.7 but the OPINION AND ORDER DATED 5-27-16 is missing because it got lost.

    (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

    (4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  Michigan Court of Appeals and The
Michigan Supreme Court.  SAGINAW CIRCUIT COURT SUCCESSIVE MOTION FOR RELIEF.

Docket or case number (if you know): COA#336249 MSC#155604 .08-031116-FC;08-031117-FH;08-031118-FH

Date of the court's decision:  COA 03/08/16  MSC 10/03/17  Circuit COURT 12/20/18

Result (attach a copy of the court's opinion or order, if available):  Relief Denied on the grounds
that I did not meet the requirements of MCR 6.502 and MCR 6.508. This error however
was caused my the trial Courts denial to allow me to act in pro per and to block the
purposely frivilous actions of ineffective representation of counsel as explained.

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:  I FILED A SUCCESSIVE MOTION FOR RELIEF
FROM JUDGMENT TO ADDRESS THE ISSUES THE COURT DID NOT ADDRESS IN THE FIRST MOTION FOR
RELIEF AND TO RAISE A NEW ISSUE THAT THE COURT PREVIOUSLY DENIED BUT WAS MISTAKEN.

**GROUND FOUR:** THE TRIAL COURT VIOLATED MY DUE PROCESS RIGHTS AND MY RIGHT TO COUNSEL
BY IMPOSING INVALID SENTENCES WITHOUT ME OR COUNSEL ON APRIL 15,2013;APRIL 22,2013;
MAY 21,2013 DENYING MY US CONST. AM.V,VI,XIV;CONST.1963,ART.1,§2,§17,§20 RIGHTS.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

ON APRIL 15, 2013 THE TRIAL COURT SIGNED A JUDGMENT OF SENTENCE IN CASE 08-031116-FC
CT.1 FOR CSC 1 VICTIM BEING KATIE JENNINGS WHEN SHE WAS UNDER 12 YEARS OF AGE AND CT.5
CSC 2 VICTIM BEING KATIE JENNINGS WHEN SHE WAS UNDER 12 YEARS OF AGE. NO LIFETIME
ELECTRONIC MONITORING,AS A 3RD HABITUAL OFFENDER TO 6YRS MIN. TO 30YRS MAX. I DID NOT
HAVE A COMPLAINT FILED FOR THESE CHARGES,A PLEA TO THESE CHARGES OR A TRIAL ON THESE
CHARGES. THERE IS NO RECORD EVIDENCE TO SUPPORT THESE CHARGES. I WAS NOT REPRESENTED
BY COUNSEL FOR THESE CHARGES. ON APRIL 22,2013 THE TRIAL COURT ISSUED ANOTHER JUDGMENT
OF SENTENCE CHARGING ME WITH CSC 2 VICTIM BEING KATIE JENNINGS WHEN SHE WAS UNDER 12
NO LEM,AND IMPOSED THE INVALID SENTENCE OF 6YRS TO 30YRS AS A 3RD HABITUAL OFFENDER. I
WAS NOT PRESENT NOR REPRESENTED BY COUNSEL. I DID NOT PLEAD TO THIS CHARGE OR HAVE A
TRIAL. THERE IS NO RECORD EVIDENCE TO SUPPORT THIS CHARGE OR COMPLAINT ISSUED. ON MAY
21,2013 THE TRIAL COURT ISSUED A JUDGMENT OF SENTENCE COVICTING ME OF CSC 1, VICTIM WAS
KATIE JENNINGS UNDER 12 YEARS OF AGE IMPOSING A INVALID SENTENCE OF LEM,30YRS TO 50YRS
AS A 3RD HOA,NO COMPLAINT WAS FILED,I WAS NOT PRESENT NOR DID I HAVE COUNSEL, NOR A TRIAL.

(b) If you did not exhaust your state remedies on Ground Four, explain why:  _____

_____

_____

_____

_____

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes        ☒  No

(2) If you did not raise this issue in your direct appeal, explain why:  BECAUSE MY STATE APPELLATE COUNSEL
REFUSED TO REPRESENT ME ON THIS CASE AND THE TRIAL COURT REFUSED TO ALLOW ME TO ACT IN
PRO PER. MY TRIAL COUNSEL DUNN AND MY APPELLATE COUNSEL SADO WERE INEFFECTIVE FOR NOT
MOTIONING TO CORRECT THE RECORD,JOS,AND TO FILE A MOTION FOR RESENTENCING AND A MOTION
TO WITHDRAW THE PLEA BARGAIN BECAUSE THIS WAS NOT PART OF THE PLEA AGREEMENT.

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: MOTION TO ACT IN PRO PER, MOTION TO CORRECT INVALID SENTENCE,
MOTION FOR RELIEF FROM JUDGMENT OF SENTENCE,SUCCESSIVE MOTION FOR RELIEF FROM JUDGMENT
OF SENTENCE.

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: SAGINAW CIRCUIT COURT ,111 S. Michigan Ave., Saginaw , MI 48602

Docket or case number (if you know): 08-031116-FC CT.1 and CT.5

Date of the court's decision: November 08,2013; May 27,2016; December 20,2018

Result (attach a copy of the court's opinion or order, if available): DENIED ALL RELIEF SEE PAGES 5.1, 5.2,7.1 through 7.7, I do not have the May 27th,2016 opinion and order as it was lost by the MDOC. However, these records are part of the records already.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: I did raise this issue in the Michigan Court of appeals and Michigan Supreme Court and back to the Saginaw Circuit Court

Docket or case number (if you know): COA#3362 MSC#155604 CC#08-031116-FC CT.1 and CT.5

Date of the court's decision: COA 03/08/16 MSC 10/03/17 CC 12/20/18

Result (attach a copy of the court's opinion or order, if available): Denied all relief I do not have a copy of these OPO but I do have the last rendered decision by the Circuit Court on pages 7.1 through 7.7 . They claimed I did not meet the requirement of the MCR 6.502 and 6.508 but the problem is structural and cannot be denied.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

I did not appeal the last opinion and order from the court listed on pages 7.1 through 7.7 because the court labeled it as a successive Motion from relief from judgment which under the Michigan Court Rules it cannot be appealed in the Michigan Court of Appeals or The Michigan Supreme Court The only way to address these issues now is through this petition for a writ of habeas corpus as a jurisdictional and structural defect.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?  ☒ Yes    ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:   The issue of whether the trial court could sua sponte
change a judgment of sentence is mistakenly placed in the wrong
designation by the Circuit Court as a successive motion for relief
which blocks my appeal however I did raise it on appeal the procedure
the courts use are wrong when it imposes a invalid conviction.

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the
        judgment you are challenging:

        (a) At preliminary hearing:   No attorney was listed on the docket entry sheet as
        representing me or filing and appearance.

        (b) At arraignment and plea: Gena Amos, (P40742) at arraignment,2215 E. Genesee Ave.
        ,Saginaw, MI 48601(989)752-2385.
        Robert Dunn,1015 N. Johnson St., Bay City, MI 48708 (989)894-1110 at Plea.

        (c) At trial: Ed Czuprynski (P34114),814 N. Monroe, Bay City, MI 48708(989)894-1155

        (d) At sentencing:   Robert Dunn,1015 N. Johnson St., Bay City, MI 48708 (989)894-1110

        (e) On appeal: S.A.D.O.,645 Griswold Suite, Detroit, MI 48226

        (f) In any post-conviction proceeding:   IN PRO PER, Mark Colin Jennings II, #711938,
        Saginaw Correctional Facility, 9625 Pierce Rd.,Freeland,MI 48623

        (g) On appeal from any ruling against you in a post-conviction proceeding:   In Pro Per, Mark Colin
        Jennings II, #711938, Saginaw Correctional Facility, 9625 Pierce Rd.,
        Freeland, MI 48623

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are
        challenging?          ☒  Yes    ☐   No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

        Saginaw 10th Circuit Court, 111 S. Michigan Ave., Saginaw, MI 48602

        (b) Give the date the other sentence was imposed:   1-18-11

        (c) Give the length of the other sentence:  30YRS Min. To 50YRS Max. With LEM and SORA

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
        future?          ☒  Yes    ☐   No   See Case#4:13-CV-14015 Eastern District of Michigan

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

        The one year statutes of limitations as contained in 28 U.S.C §2244(d) has
        not been exceeded because the case was tolled while pending in the various
        Courts . If the statutes of limitations was exceeded than actual innocence
        would apply also.Further, these are structural errors and jurisdictional
        errors which cannot be waived or become unable to challenge. 3

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   To hold a hearing on ineffective assistance of Counsel, To hold a evidentiary hearing on judicial misconduct by the court (Robert Kaczmarek), To release me on bond, To vacate all convictions, remand to the trial court for plea withdrawel, remand to trial court for sentence correction.

or any other relief to which petitioner may be entitled.

Please order that I remain at the Facility at which this Habeas Corpus is filed due to the respondent O.T. Winn is at Saginaw Correctional Facility, 9625 Pierce Rd., Freeland, MI 48623. The Circuit Court is Saginaw Circuit Court which is 10 minutes from this facility. I am 100% service connected Veteran who is honorably dishcharged and there is a veterans program here aswell as my veterans hospital is here and I am constantly there. ₃₃₃

*Mark C Jennings 3*

Signature of Attorney (if any)

Mark Colin Jennings II #711938
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI 48623

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___02/08/2019___ (month, date, year).

Executed (signed) on ___02/08/2019___ (date).

*Mark C Jenn 3*

Signature of Petitioner

Mark Colin Jennings II, #711938

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

Mark, Jennings
#711938
Saginaw Correctional Facility
9625 Pierce
Freeland, MI 48623

U.S. MARSHAL

RECEIVE
FEB 14 2019
CLERKS OFFICE
U.S. DISTRICT COURT

Office of The Clerk
United States District Court
231 W. Lafayette Boulevard, Fifth Floor
Detroit, MI 48226



U.S POSTAGE>>PITNEY BOWES

ZIP 48623
02 4W
0000350709FEB 08 2019

$ 007.35°

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 19-10469 | **Judge:** Thomas L. Ludington | **Magistrate Judge:** Elizabeth A. Stafford |

| | |
|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:**<br><br>MARK COLIN JENNINGS II | **Name of 1st Listed Defendant/Respondent:**<br><br>O.T. WINN |
| **Inmate Number:** 711938 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br>Saginaw Correctional Facility<br><br>9625 Pierce Road<br>Freeland, MI 48623<br>SAGINAW COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☐ IFP *In Forma Pauperis*
- ☒ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes          ☒ No
   ➢ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes          ☒ No
   ➢ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____