UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK C. JENNINGS,

                    Petitioner,              Case No. 2:19-cv-10469
                                                Hon. Mark A. Goldsmith

O.T. WINN,

                    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

Petitioner Mark C. Jennings filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Saginaw Circuit Court guilty plea conviction to second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a), and third-degree criminal sexual conduct. Mich. Comp. Laws § 750.520d(1)(a). Petitioner was sentenced to two terms of six to thirty years' imprisonment for these convictions. See 12/20/2018 Order of Saginaw Cty. Cir. Ct., at 2 (Dkt. 9-8). Those two terms are being served concurrently with sentence of thirty to fifty years for a first-degree criminal sexual conduct conviction that is the subject matter of another federal habeas petition. See Jennings v. Smith, Eastern District of Michigan No. 4:13-cv-14015.

The habeas petition raises four claims: (1) Petitioner was denied the effective assistance of counsel when his attorneys failed to file a motion to withdraw his plea, (2) the trial court erroneously denied Petitioner's motion to file a pro se motion to correct his sentence and withdraw his plea, (3) the trial court erred in imposing a sentence that was not part of the plea bargain, and (4) the trial court imposed an invalid sentence without Petitioner having the benefit of counsel.

This matter is before the Court on Respondent's motion to dismiss the petition as untimely filed (Dkt. 8). The Court will grant Respondent's motion for summary judgment and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d), and Petitioner has failed to demonstrate entitlement to equitable tolling. The Court will also deny Petitioner a certificate of appealability.

## I. Background

Petitioner was originally charged in Saginaw County with multiple counts of criminal sexual conduct.  On February 24, 2011, following his jury trial conviction of one count of first-degree criminal sexual conduct, Petitioner pled no contest to one count of second-degree criminal sexual conduct, one count of third-degree criminal sexual conduct, and one count of fourth-degree criminal sexual conduct.  See 12/20/2018 Order at 1.

After Petitioner was sentenced on his first-degree criminal sexual conduct conviction, the trial court sentenced Petitioner to ten to thirty years' imprisonment for his second and third-degree convictions and two to four years for his fourth-degree conviction.  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, asserting that he was not informed of the life-time electronic monitoring consequence of his convictions during the plea proceeding.  The Michigan Court of Appeals remanded the case to give Petitioner an opportunity to withdraw his pleas. People v. Jennings, No. 309941 (Mich. Ct. App. Nov. 20, 2012).

On remand, Petitioner again pled to the same charges, and he was resentenced on April 15, 2013.  See 5/27/2016 Order of Saginaw Cty. Cir. Ct. (Dkt. 9-3).  Petitioner then filed delayed applications for leave to appeal with the Michigan Court of Appeals.  On January 23, 2014, the Michigan Court of Appeals issued orders denying Petitioner leave to appeal. People v. Jennings, Nos. 319530, 319531, and 319532 (Mich. Ct. App. Jan. 23, 2014).  Petitioner did not file an

application for leave to appeal in the Michigan Supreme Court from these orders. See Aff. of Mich. Supreme Court Clerk (Dkt. 9-20).

Petitioner filed a pro se motion for relief from judgment in the trial court on October 30, 2014. The trial court denied this motion on May 27, 2016. 5/27/2016 Order. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals from this order. On March 8, 2017, the Michigan Court of Appeals denied the application by standard order. People v. Jennings, No. 336249 (Mich. Ct. App. March 8, 2017). The court denied reconsideration on April 11, 2017. People v. Jennings, No. 336249 (Mich. Ct. App. Apr. 11, 2017). Petitioner applied for leave to appeal to the Michigan Supreme Court. On October 3, 2017, the Michigan Supreme Court denied leave to appeal. People v. Jennings, 901 N.W.2d 614 (Mich. 2017) (Table). The court denied reconsideration on December 27, 2017. People v. Jennings, 904 N.W.2d 629 (Mich. 2017) (Table).

Petitioner thereafter filed additional motions for relief from judgment in the trial court. The trial court rejected the motions on the because Petitioner was prohibited from filing successive motions for relief from judgment under Michigan Court Rule 6.502(G). See 12/20/2018 Opinion & Order (Dkt. 9-8); 12/20/2019 Opinion & Order (Dkt. 9-8); 2/18/2019 Opinion and Order (Dkt. 9-10). Petitioner did not appeal these orders to the Michigan appellate courts.

The current habeas petition was signed and dated on February 8, 2019, and it was filed on February 14, 2019.

## II. Discussion

Though Respondent styled its motion as one to dismiss, it is better characterized as a motion for summary judgment because it relies on records outside the pleadings. See, e.g., Anderson v. Shane Place, No. 16-CV-12675, 2017 WL 1549763 (E.D. Mich. May 1, 2017).

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Id. If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. Redmond v. Jackson, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). Generally, the limitation begins to run when the state court judgment becomes final by the conclusion of direct review or when the time for seeking such review expires. § 2244(d)(1)(A). Here, the expiration of time for seeking direct review was March 20, 2014, when the 56-day time limit for filing an application for leave to appeal from the January 23, 2014, Michigan Court of Appeals' decision to the Michigan Supreme Court expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012); Mich. Ct. R. 7.302(C). Under section 2244(d)(1)(A), the statute of limitations started running the day after the time for filing an application for leave to appeal in the Michigan Supreme Court expired, on March 21, 2014. Petitioner's response does not suggest any other starting point for the limitations period.

The limitations period continued to run for about seven months until Petitioner filed his first motion from relief from judgment in the trial court on October 30, 2014. Under section

4

2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State collateral or other collateral review with respect to the pertinent judgment or claim is pending." Petitioner's state collateral review proceeding ended on December 27, 2017, when the Michigan Supreme Court denied Petitioner's motion for reconsideration from the denial of his application for leave to appeal. After that date, Petitioner no longer had a state collateral review proceeding pending, so the limitations period resumed running.

Petitioner filed multiple successive motions for relief from judgment in the trial court after the Michigan Supreme Court denied leave to appeal, but they were all dismissed under Michigan Court Rule 6.502(G)(1), which generally prohibits successive motions. See, e.g., 12/20/2018 Opinion & Order, at 2. Because Petitioner's successive motions were filed in violation of state law, unlike his first motion for relief from judgment, they did not statutorily toll the limitations period under § 2244(d)(2). Williams v. Birkett, 670 F.3d 729, 733 (6th Cir. 2012) (holding that second motion for relief from judgment that is rejected because it does not meet the limited exceptions of Mich. Ct. R. 6.502(G)(1) is not properly filed and does not toll the statute of limitations) (citing Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005), and Artuz v. Bennett, 531 U.S. 4, 10-11 (2000)); see also Rodriguez v. McQuidgen, No. 08-CV-13263, 2009 WL 2742004, at *3 (E.D. Mich. Aug. 25, 2009) ("Because Petitioner's second unauthorized post-conviction motion was not 'properly filed' under Michigan law, it was not 'properly filed' for purposes of § 2244(d)(2).").

Petitioner then signed and dated his federal habeas petition on February 8, 2019. This was a little more than 13 months after the limitations period started running again after the completion of his first state post-conviction review proceeding. Accordingly, approximately 20 months in total elapsed on the limitations period, and therefore the petition was untimely filed.

Petitioner's response to Respondent's motion does not contest these calculations. He argues that he was forced to wait until the appeal from his first motion for relief from judgment was decided by the Michigan Supreme Court before filing his successive motions, and he argues that the prosecutor and trial court mischaracterized the claims raised in his first motion for relief from judgment, resulting in an erroneous adjudication of his post-conviction claims. Neither argument speaks to the timeliness of the petition. Whatever the timing of his successive motions for relief from judgment, they did not act to toll the limitations period, because they were prohibited by state law. Petitioner's argument that the state courts erroneously decided his first motion for relief from judgment, at best, constitutes an argument as to why the claims raised in that motion have merit, but it is irrelevant to the timeliness of the federal petition.

The one-year limitations period applicable to § 2254 petitions is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010); Akrawi v. Booker, 572 F.3d 252, 260 (6th Cir. 2009). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749 (6th Cir. 2011); Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010). A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nothing presented by Petitioner in his resposne brief suggests that he is entitled to equitable tolling. At most, the resposne suggests that Petitioner misapprehended the impact his filing successive motions for relief from judgment would have on the timeliness of his federal petition. Such ignorance does not state a basis for granting equitable tolling. See, e.g., Rodriguez v. Elo, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish

that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); <u>Holloway v. Jones</u>, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001). Petitioner has failed to demonstrate entitlement to equitable tolling.

Accordingly, the Court will grant Respondent's motion for summary judgment and dismiss the petition, because there are no genuine issues of material fact whether it was filed after expiration of the one-year statute of limitations or whether Petitioner is entitled to equitable tolling.

### III. Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. <u>See</u> 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Id.</u> Having undertaken the requisite review, the court concludes that jurists of reason could not debate the Court's procedural ruling that the petitioner was filed after expiration of the statute of limitations and that Petitioner has failed to demonstrate entitlement to equitable tolling. A certificate of appealability will therefore be denied.

Permission to appeal in forma pauperis is denied because an appeal of this order could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Respondent's motion for summary judgment is granted, and the petition is dismissed.  A

certificate of appealability is denied.

SO ORDERED

Dated:  March 6, 2020                                                 s/Mark A. Goldsmith
       Detroit, Michigan                                            MARK A. GOLDSMITH
                                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2020.

                                               s/Karri Sandusky
                                             Case Manager